1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

TRAVIS WARD,

Case No.  1:24-cv-00467-JLT-BAM

12

Plaintiff,

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF ACTION FOR
FAILURE TO PROSECUTE

13

v.

14
15

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

(Doc. 19)

16

Defendants.

17

18

### I.      Background

19

Plaintiff Travis Ward ("Plaintiff"), proceeding with counsel, filed the instant action on

20

April 17, 2022.  (Doc. 1.)  By stipulation of the parties, Plaintiff filed a First Amended Complaint

21

on September 3, 2024.  (*See* Docs. 14, 15.)  Defendant California Department of Corrections and

22

Rehabilitation filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on

23

September 24, 2024.  (Doc. 16.)  The motion was referred to the undersigned for the preparation

24

of findings and recommendations.  (Doc. 18.)  Plaintiff did not file a timely opposition or

25

otherwise respond to the motion.  *See* L.R. 230(c).[1]

26

On October 11, 2024, the Court issued an order directing Plaintiff to show cause in

27

28

---

[1] Local Rule 230(c) provides that the failure to file a timely opposition may be construed by the Court as a non-opposition to the motion.

1

writing, within fourteen (14) days, why the action should not be dismissed, with prejudice, for Plaintiff's failure to file a timely opposition.  (Doc. 19.)  The Court informed Plaintiff that he could comply with the Court's order by filing an opposition or statement of non-opposition to Defendant's motion to dismiss.  (*Id.* at 2.)  Plaintiff was expressly warned that failure to comply with the Court's order would result in dismissal of this action with prejudice.  (*Id.*)

On October 25, 2024, Plaintiff's counsel submitted a declaration in response to the Court's order to show cause.  (Doc. 20, Declaration of Brian D. McMahon ("McMahon Decl.").)  In the declaration, counsel explains that after receiving Defendant's motion to dismiss the first amended complaint, he sought to obtain documents from Plaintiff to support the opposition.  (*Id.* ¶ 3.)  Plaintiff reportedly "encountered some difficulty in retrieving this . . . documentation."  (*Id.*)  Counsel also "experienced difficulty in reaching [Plaintiff] due to his being transferred and the challenges scheduling visits in person at the Delano/Kern Vally State Prison facility."  (*Id.* ¶ 4.)  Counsel avers that he was unable to timely obtain the information to support the opposition and "neglected to request a short continuance of the October 25 hearing from counsel for the defendants to allow [Plaintiff] additional time to submit the relevant ADA compliance documentation in opposition to the motion."  (*Id.* ¶ 6.)  Counsel claims that it was due to his inability to obtain the information and documentation, "as well as [his] mistake and inadvertence in not filing the opposition timely," due to the identified difficulties.  (*Id.* ¶ 7.)  Counsel further avers that he possesses some of the ADA qualification/standing materials and expects "to receive more information to submit a proper opposition to defendants' motion to dismiss within the next 7 days."  (*Id.*)

More than seven days have passed since submission of counsel's declaration and Plaintiff has not filed an opposition to Defendant's motion or otherwise requested an extension of time to respond.  Accordingly, the undersigned will recommend dismissal of this action for failure to prosecute.

## II.     Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending since April 2024, and Plaintiff's response or opposition to Defendant's motion to dismiss the first amended complaint is overdue.  By way of the Court's order to show cause, Plaintiff was granted additional time to submit his opposition to Defendant's motion to dismiss, but he has failed to comply.  Plaintiff also has failed to adequately explain why he did not seek an extension of time to obtain any necessary documentation or information to oppose Defendant's motion, with counsel noting only that he "neglected to request a short continuance of the … hearing."  (McMahon Decl. ¶ 6.)  Plaintiff was warned that his failure to comply with the Court's order to show cause would result in dismissal of this action with prejudice.

Further, Plaintiff is obligated to comply with the Local Rules and was informed by this Court of the need to oppose the motion to dismiss.  Despite Plaintiff's duty to comply with all applicable rules and the order, Plaintiff did not file an opposition.  Plaintiff's counsel indicated that an opposition would be filed within seven days of his response to the show cause order, but more than seven days have passed, and Plaintiff has still not filed an opposition.  Plaintiff also has

not requested an extension of time to file his opposition.  The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement."  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 11, 2024 show cause order expressly warned Plaintiff that if he failed to comply, then this matter would be dismissed.  (Doc. 19 at 2.)  Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.  Further, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  The preclusion of evidence or witnesses is likely to have no effect given that Plaintiff is not diligently litigating this case.  The Court cannot and will not expend its limited resources resolving an unopposed dispositive motion in a case that Plaintiff is not prosecuting.

### III.     Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to prosecute and failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 5, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE