1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Defendant. | Case No. 1:24-cv-00467-JLT-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS ALL CLAIMS FOR FAILURE TO STATE A CLAIM, AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 16, 27) |

Plaintiff contends that while confined at Kern Valley State Prison in Delano, California, he fell and injured his leg and back due to defendants' failure to remedy sewage water puddled outside his cell. Plaintiff also alleges that he received inadequate medical care after the fall. (Doc. 15.) He advances claims for violation of the Americans with Disabilities Act and negligence. (*Id.*) Defendant California Department of Corrections and Rehabilitation moved to dismiss the operative First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 16.) The motion was referred to the assigned magistrate judge. (Doc. 18.)

On January 16, 2025, the magistrate judge issued Findings and Recommendations that: (1) CDCR's motion to dismiss be granted; and (2) Plaintiff's First Amended Complaint be dismissed without leave to amend. (Doc. 27.) The magistrate judge determined that Plaintiff did not allege

1

1  facts to "show he was excluded from participation in, or denied the benefits of any service or
2  programs offered by the prison because of a disability, or that he was subjected to any type of
3  discrimination by reason of a disability" and thus did not state a cognizable claim under the ADA.
4  (*Id.* at 5.)  The magistrate judge determined that Plaintiff's claim for injunctive relief was moot
5  because he was no longer housed at KVSP, and there was no demonstrated "reasonable
6  expectation" that he would return to KVSP.  (*Id.* at 6.)  As a final matter, the magistrate judge
7  found that pursuant to California Government Code § 844.6(a)(2), CDCR was entitled to
8  immunity from plaintiff's negligence claim premised on a dangerous condition of public property.
9  While acknowledging the existence of an exception to immunity under California Government
10 Code § 845.6 where a prison employee knows or has reason to know that a prisoner needs
11 immediate care, the Findings and Recommendations concluded that this exception did not apply
12 because Plaintiff failed to allege that he was denied immediate care after his fall.  (*Id.* at 8-9.)

13      The Court served the Findings and Recommendations on all parties, and notified them that
14 any objections were due within 14 days.  (Doc. 27 at 9-10.)  The Court also informed the parties
15 that "the failure to file objections within the specified time may result in the waiver of the 'right
16 to challenge the magistrate's factual findings' on appeal." (*Id.* at 10, quoting *Wilkerson v.*
17 *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  On February 14, 2025, following an extension of
18 time, Plaintiff filed objections, arguing "CDCR was negligent and discriminatory against
19 [Plaintiff] for not providing necessary medical care and treatment after [his fall], including its
20 failure to provide him with a wheelchair as he requested on numerous occasions.  (Doc. 31.)  On
21 February 20, 2025, CDCR filed a response to the objections.  (Doc. 32.)

22      According to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case.
23 Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes
24 the Findings and Recommendations are supported by the record and proper analysis.  As to the
25 ADA claim, the magistrate judge correctly concluded that Plaintiff's allegations related to his
26 requests for a wheelchair were insufficient, and Plaintiff fails to indicate how amendment would
27 address that defect. As to his negligence claim, the magistrate judge likewise correctly concluded
28 that the FAC fails to set forth facts that trigger the exception to immunity set forth in California

1 | Government Code § 845.6, which applies only to situations where a prisoner needs "immediate" medical care.  Again, Plaintiff's objections fail to suggest how amendment would address the immediacy component of this exception.  Therefore, the objections do not call into question the magistrate judge's finding that the pleading deficiencies cannot be cured by further amendment. (*See* Doc. 27 at 9.) Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 16, 2025 (Doc. 27) are **ADOPTED**.
2. CDCR's motion to dismiss (Doc. 16) is **GRANTED**.
3. Plaintiff's First Amended Complaint is **DISMISSED** without leave to amend.
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 21, 2025**

UNITED STATES DISTRICT JUDGE

3